UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re:

Emin Buzhunashvili and
Irene Gelfand,                          Case No. 24-10209-cjf

    Debtors.

MOTION FOR RULE 2004 EXAM

Seymour Badalov, a creditor hereinafter ("Badalov") by his attorneys, Krekeler Law, S.C., hereby moves the Court for an entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing an examination of Emin Buzhunashvili and Irene Gelfand (collectively the "Debtors"). In support of this Motion, Badalov respectfully states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the estate. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On February 2, 2024, Debtors filed a voluntary petition for relief and schedules under Chapter 13 of the Bankruptcy Code. [ECF No. 1] Debtors subsequently filed a Ch. 13 Plan [ECF No. 3].

3. Debtors disclosed on their schedules that they had several business entities (Emil Corp., Buzhunashvili, LLC, and S2YD, LLC) that were not operating anymore, or

they were no longer a part of the business.

4. Subsequently on February 7, 2024, Debtors filed a replevin action against Badalov in Dane County (Dane County Case No. 2024SC00761). Debtors were allegedly seeking the return of over $65,000 in personal property and assets.

5. Badalov filed his objection to Debtors' Ch. 13 Plan on March 11, 2024 [ECF No. 23] and appeared to question the Debtors at the 341 Meeting on March 14, 2024 [ECF No. 25].

6. The Debtors asserted that they mistakenly filed the replevin action under their own name and dismissed the case via letter on March 15, 2024.

7. However, the business assets disclosed on Debtors' schedules do not match the alleged assets they were seeking return of Dane County Case No. 2024SC761.

8. Badalov is a creditor in this case as he purchased 25% of one of Debtors' businesses, right before Debtors shut down the business.

9. There appear to be assets of the business not disclosed on Debtors schedules and that Debtors are not properly valuing for the estate.

## Request for Relief

10. Through this motion, Badalov respectfully requests the Court enter an order directing the Debtors to (1) produce documents on or before May 17, 2024 responsive to the requests attached hereto as **Exhibit A** and sit for an oral exam on May 31, 2024 at 10:00 a.m. at Krekeler Law Offices, 26 Schroeder Court, Suite 300, Madison, WI 53711.

## Basis for Relief

11. Rule 2004 provides that "on motion of any party in interest, the court may order the

examination of any entity." Fed. R. Bankr. P. 2004(a). The examination may cover the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities, or financial affairs, its right to a discharge, or any matter affecting the administration of the bankruptcy estate." *In re Sheetz*, 425 B.R. 746, 758 (Bankr. N.D. Ind. 2011). "The scope of inquiry under Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

12. In this case the facts and circumstances demonstrate that good cause exists to allow Badalov to conduct a Rule 2004 Examination. Debtors may have failed to disclose substantial assets that would belong to creditors of the Debtors. Further, Debtors may have personal liability under Wisconsin law for assets received before creditors are paid to the amount of assets received by each Debtor. This would potentially affect plan treatment for creditors and potential distributions from Debtors' bankruptcy estate.

13. Further there are inconsistencies in Debtors' testimony and schedules that indicate lack of good faith in filing the Chapter 13 bankruptcy with regards to potential assets in Debtors' possession and payments received by Debtors immediately before filing for bankruptcy protection.

## Notice

14. Rule 2004 examinations are "filed and often granted *ex parte*", which notice of the

examination subsequently provided to the affected parties. 9 Collier on Bankruptcy ¶ 2004.01[2] (16th ed. 2022), LexisNexis. Badalov therefore submits that the Court can enter an *ex parte* order granting relief requested in this motion. Debtors then may contest the examination by moving to vacate the order granting this motion or requesting the court enter a protective order.

**WHEREFORE**, Seymour Badalov requests the Court: 1) enter an order ordering Debtors to produce documents by May 17, 2024 and; 2) sit for an oral exam on May 31, 2024; and 3) grant such other and further relief as the Court deems just and equitable.

Dated: April 26, 2024

KREKELER LAW, S.C.

By: *electronically signed: /s/ Carrie S. Werle*
Carrie S. Werle
State Bar No. 1088715
Attorneys for Creditor,
Seymour Badalov

ADDRESS:
26 Schroeder Court
Suite 301
Madison, WI 53711
(608) 258-8555

# EXHIBIT A
## RULE 2004 Examination of Debtors

### Document Requests

1. Produce a list of trusts, partnerships, limited liability companies, and corporations of which you are now or were a member, partner, manager, equity holder, or beneficiary.

2. Produce all documents related to current ownership or control over any trusts, partnerships, limited liability companies or corporations identified in No. 1.

3. Produce all financial statements, operating agreements, credit applications, business licenses for all trusts, partnerships, limited liability companies or corporations identified in No. 1.

4. Produce and identify all present and former members with contact information for all members of trusts, partnerships, limited liability companies or corporations identified in No. 1.

5. Produce any documents relating to any assets held or owned by any trust, partnership, limited liability company, or corporation identified in No. 1.

6. Produce all documents relating to transfer or distribution of assets from any trust, partnership, limited liability company, or corporations identified in No. 1.

7. Produce all documents relating to payments received from any creditor for business assets, ownership interests, or equity in any trust, partnership, limited liability company, or corporation identified in No. 1.

8. Produce all documents relating to any contribution, funding, or transfer of assets from any trust, partnership, limited liability company, or corporations identified in No. 1 to any other entity or Debtors personally.

9. Produce a list of creditors and investors for any trust, partnership, limited liability company, and corporation identified in No. 1.

10. Produce any financial statements (including balance sheet, income statements, changes of equity ownership) or any other financial reporting document which would reflect assets, liabilities, income, and expenses for Debtors and any trust, partnership, limited liability company, and corporation identified in No. 1.

11. Produce documentation regarding the purchase of the real property, 1225 Velvet Leaf Drive, including, but not limited to: deed, loan application and subsequent mortgage documents.

12. Produce documentation for Mercedes, Hyundai, Ford, including credit applications and purchase contracts.

13. Produce lease documentation for Toyota.

14. Produce business tax returns from 2019 through 2023 for any trusts, partnerships, limited liability companies or corporations identified in No. 1.

15. Produce all bank statements and cancelled checks from 2019 through 2023 for any trusts, partnerships, limited liability companies or corporations identified in No. 1.

16. Produce any leases entered into from 2019 through 2023 by any trusts, partnerships, limited liability companies or corporations identified in No. 1.

17. Produce any contracts and receipts for the business assets identified in Dane County Case No. 2024SC761.